# ISAAC EKBERG v. SWEDISH-AMERICAN PUBLISHING COMPANY and Others.[1]

April 21, 1911.

Nos. 16,844, 16,845—(30, 31).[2]

**Appointment of receiver.**

The motion for the appointment of a receiver of defendant publishing company was properly denied. [Reporter.]

Action in the district court for Hennepin county against the Swedish-American Publishing Company and another. From an order denying plaintiff's motion for appointment of a receiver, both plaintiff and defendant publishing company appealed. Affirmed.

*H. E. Fryberger*, for plaintiff.

*Lars M. Rand* and *Norton M. Cross*, for defendants.

April 21, 1911.

Nos. 16,847—(33).

**Attachment.**

Upon a motion to vacate an attachment, where the evidence was conflict-

[1]Reported in 130 N. W. 1032.    [2]April, 1911, term calender.

ing, the decision of the trial court is conclusive, unless there is a clear preponderance of the evidence opposed to it. [Reporter.]

Action in the district court for Hennepin county against Swedish-American Publishing Company, Swan J. Turnblad, Christine Turnblad and Lillian Z. Turnblad, for an accounting; that defendants Turnblad be enjoined from diverting the property or assets of the Swedish-American Publishing Company; that plaintiff be allowed a complete examination of the books of defendants during a specified time; that defendants Turnblad be compelled to restore to the company and its stockholders whatever assets have been diverted from their legitimate channels and to pay to the stockholders of the company the dividends to which they are entitled; that all of the profits received by defendants shall be turned over to the company, and that Swan J. Turnblad be disallowed any compensation for his services as managing director, but shall be compelled to pay interest on all proceeds, wrongfully diverted, in addition to restoring the amounts received; that any alleged stock that may have been issued to Swan J. Turnblad since about May 14, 1889, shall be cancelled and set aside; that it be adjudged that the alleged bill of sale to Christine Turnblad was fraudulent and void and that it should be set aside and that Swan J. Turnblad held said assets in trust for the benefit of the company; that some suitable person be appointed by the court as receiver. Plaintiff secured a writ of attachment against the property of defendants. From an order, Brooks, J., vacating the attachment and the levy thereof, as against the property of Swan J. Turnblad, plaintiff appealed. Affirmed.

*H. E. Fryberger*, for appellant.

*Lars M. Rand* and *Norton M. Cross*, for respondents.

PER CURIAM.

This action was commenced after the case of Ekberg v. Swedish-American Publishing Co. page 196, supra, and involves substantially the same issues, though the wife and daughter of defendant Swan J. Turnblad are added as parties defendant. Plaintiff appealed from an order vacating a writ of attachment. The decision of the trial court was based upon conflicting evidence, and is conclusive, unless there is a clear preponderance of the evidence opposed to it.

Under this rule, the order is affirmed.